IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>    Defendant. | CIVIL ACTION No. 19-4098 |

## MEMORANDUM OPINION

Plaintiff David Johnson has filed a Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), ECF Doc. No. 17. The Commissioner filed a response thereto, ECF Doc. No. 18, challenging the amount of the fees, but not challenging the Plaintiff's entitlement to fees pursuant to EAJA. The Plaintiff filed a Reply, ECF Doc. No. 19, opposing any reduction in fees, and requesting an additional $453.20, representing 2.2 hours of time, for preparation of the reply. I have granted the Plaintiff's motion in part and ordered the Commissioner to pay attorney's fees pursuant to EAJA to Plaintiff in the amount of $6,190.30. The reasons for this award are set forth below.

    I.    The Litigation.

Plaintiff David Johnson filed a complaint against Andrew M. Saul, Commissioner of Social Security, in September of 2019. ECF Doc. No. 2. On January 6, 2020, Mr. Johnson filed his brief, through counsel David Chermol, Esq., raising two issues: (1) the case should be remanded because the Administrative Law Judge ("ALJ") failed to acknowledge and give appropriate weight to the treating physician's opinion, and

substituted her own lay opinion for that of the treating physician; and (2) the ALJ was not properly appointed under the Constitution at the time the hearing was conducted, requiring remand for review by a different, properly appointed, ALJ. ECF Doc. No. 2 at page 2.

Within weeks, the Third Circuit decided *Cirko on behalf of Cirko v. Commissioner of Social Security*, holding in a matter of first impression, that exhaustion of an Appointments Clause claim is not required in SSA context, and claimants whose cases were heard by ALJ's who were not properly appointed were entitled to new hearings before constitutionally appointed ALJs. *Cirko on behalf of Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020). The hearing in Mr. Johnson's case was held in May 2018, and the decision was filed on July 31, 2018.

On January 24, 2020, I entered judgment in favor of Mr. Johnson and ordered the case remanded for review by a Constitutionally appointed ALJ. ECF Doc. Nos. 12 and 13. The Commissioner filed a notice of appeal on March 20, 2020, but later withdrew that notice and the appeal was dismissed on April 16, 2020. ECF Doc. Nos. 14, 16.

II.     The Motion for Attorney's Fees.

Plaintiff filed a motion for attorney's fees pursuant to EAJA on May 30, 2020. ECF Doc. No. 17. Plaintiff sought payment for 32.2 hours of work, at the rate of $206 per hour, as the prevailing party.[1] Plaintiff included a Statement of Attorney Time Expended, documenting work on the case. Plaintiff argued that the government's

---

[1] The total sought by Plaintiff was $6,633.20.

position was not substantially justified and noted that the parties attempted to work out a stipulation without success. *Id.* at 4.

On June 15, 2020, the Commissioner filed a response in opposition to the motion. ECF Doc. No. 18. The Commissioner alleged that the fees requested were unreasonable, as defined in *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983), and requesting a reduction in the total number of hours to just 16.6 hours.[2] The Commissioner did not dispute either that fees were appropriate pursuant to EAJA, or the rate of $206 per hour, which Plaintiff had calculated from the statutory amount of $125.00 per hour based upon the Consumer Price Index prepared by the Bureau of Labor and Statistics. *See* www.bls.gov.

The Commissioner's rationale for the requested reduction included arguments that the number of hours should be reduced because Plaintiff utilized "cut and paste" legal arguments from other cases,[3] that Plaintiff's counsel had billed an excessive amount of time for "conferring" with other attorneys, and that the administrative record in this particular case is not large, with medical records totaling around 125 pages. The Commissioner requested that the time for legal research should be reduced from 9.3 hours to 3.5 hours; that time to confer with fellow attorneys, revise the argument, and edit the brief should be reduced from 3.9 to 1.5 hours, and the record review should be limited to 4 hours, reduced from the 10.4 hours that the Commissioner alleges were charged for this function. The total reduction urged by the Commissioner is 14.6 hours.

---

[2] The Commissioner recited the number of hours requested by Plaintiff as 31.2 hours, which is short by one hour based upon my calculation of the Plaintiff's time set forth in his statement of time expended.

[3] The Commissioner appropriately noted that this practice is not wrong, but that it should result in "additional efficiencies." ECF Doc. No. 18 at 5.

3

The Commissioner points out that several of Plaintiff's entries list various tasks under a single heading, constituting a "block bill." The Commissioner argued, "[l]arge blocks of time associated with a task(s) with only a generalized description are not specific enough to permit an adequate basis for review and are subject to reduction," citing *Hensley*, 461 U.S. at 433 and several opinions from the United States Court of Appeals for Veterans Claims. ECF Doc. No. 18 at 6, n. 1.

Plaintiff filed a reply on June 16, 2020, ECF Doc. No. 19, objecting to all of the Commissioner's suggested reductions in time, calling the Commissioner's objection a "disturbing trend" of the Social Security Administration to be "intentionally unreasonable" in EAJA negotiations, which are routinely settled without court intervention. *Id.* at 1. Plaintiff noted that his documented time of 32.2 hours was considerably below the firm's average of 43 hours.[4] Counsel argued that, because he was not involved at the administrative level, his time in carefully reviewing the file, especially the transcript and ALJ's decision, was paramount to the representation, and that it is the careful review, research, and discussion with his colleagues that results in the firm's higher-than-average success rate of 90% of their appeals, with some 50% resulting in voluntary remand by the Commissioner. Plaintiff cited case law that found approximately 40 hours per case in Social Security matters to be "fairly routine,"[5] and urged that the fact-intensive nature of the issues pursued and ultimately rejected made this particular case challenging, and simply "impossible" to have successfully pursued in

---

[4] Although not stated by Plaintiff, it appears likely that this was due at least in part to the relatively small size of the administrative record, and the resolution of the case prior to filing a reply.

[5] Plaintiff cited, "*Schulten v. Astrue*, 2010 WL 2135474, at *6 (N.D. Ill. 2010) (collecting cases) (holding that 40- 60 hours falls within the "permissible range for social security cases, which has been noted to be 40-60 hours"); *Coppernoll v. Astrue*, 2009 WL 3482120 (W.D. Wis. 2009) (surveying cases and noting that 35 to 60 hours to be common and acceptable)." *Id.* at 3.

4

less than 17 hours, as urged by the Commissioner. Additionally, Plaintiff argued that because the *Cirko* decision had not yet been announced, Plaintiff had no way of knowing that the case would be remanded on this issue alone, making a complete review of all other possible issues required, especially given the Social Security Administration's position on waiver and forfeiture of arguments not raised. *Id.* at 3-4. Finally, Plaintiff's counsel noted that although he routinely does not request fees for additional EAJA litigation, he had expended an additional 2.2 hours on the preparation of the Reply brief and requested that $453.20 be added to the requested fee. *Id.* at 5.

    III.      Resolution of the Fee Dispute.

Resolution of EAJA fee disputes routinely require a Solomon-like division of miniscule amounts of time, necessarily requiring a second-guessing of how much time is really needed to analyze and appropriately charge or defend a given action, in order to determine if the fee requested is "reasonable." Therefore, the starting point for my analysis is, does the total look "reasonable" or "unreasonable?" While Plaintiff cites to *Schulten* and *Coppernoll*, cases decided in other districts, for the proposition that 40-60 hours is "reasonable," *see* n.5, *supra*, in its reply, he also cites to a number of additional cases in his original motion in which district courts in the Third Circuit found charges comparable to those here to be reasonable. *See e.g. Chonko v. Comm'r of Soc. Sec. Admin.*, 624 F. Supp. 2d 357, 360 (D.N.J. 2008) (district courts have approved 20–40 hours of legal work in the average disability case, citing *Harden v. Comm'r Soc. Sec. Admin.,* 497 F.Supp.2d 1214, 1215–16 (D.Or.2007); *Pribek v. Sec'y, Dep't of Health & Human Servs.,* 717 F.Supp. 73, 75 (W.D.N.Y.1989)); *Supplee v. Colvin*, 2013 WL 5178971 (E.D. Pa. 2013) (awarding EAJA fees in the amount of $9,900.00 for 55.0 hours expended and discussing how this fee request was more than reasonable).

5

I do not find the overall amount of fees requested in this case to offend the standard of reasonableness to be utilized in EAJA awards. I am mostly unpersuaded by the Commissioner's arguments that because the record was not as lengthy as some, and there were only two arguments ultimately advanced, that this case could therefore have been prepared on a shoestring. The Commissioner has not convinced me that an unreasonable amount of time was spent in reviewing the file or in preparing the brief. Additionally, I disagree that time spent in conference with fellow attorneys, which results in strategic decisions requiring rewrites or editing, is time wasted. *Chonko*, 624 F. Supp. 2d at 361 ("lawyers routinely spend much time working together, and this sort of teamwork can often save as much time as it adds."). Reducing by nearly half a number that appears reasonable, therefore, is not appropriate in this case.

Moving from the general to the specific, however, there is one point raised by the Commissioner that I do find persuasive. I note that the Plaintiff's statement of fees does contain several entries that contain blocks of time of several hours, with many tasks listed. This would appear to qualify as "block billing," which is disfavored. *Hensley* requires adequate documentation by the prevailing party in order to obtain an award for all of the requested fees. *Id.*, 461 U.S. at 433. "Large blocks of time associated with either many tasks or a single task with only generalized descriptions such as 'research' or 'conference' are not specific enough to permit the Court an adequate basis for review and are subject to reduction." *Baldridge v. Nicholson*, 19 Vet. App. 227, 235 (2005). I find that the Plaintiff has provided insufficient explanation in the grouped billing for the following dates: 9/1/19; 12/17/19; 12/21/19; 12/23/19; and 1/5/20. In each instance, however, it appears rather obvious to anyone who has ever practiced law in the private sector that each of these block bills contain one or two large tasks, and then a series of

6

smaller tasks that took only a few minutes.[6] I find little to fault in this explanation. Because there are several such entries, however, I believe a slight adjustment to the amounts charged, in total, for these five entries, is warranted because the entries do not contain specific explanations of the time expended. Such explanation would allow me to determine if the amount spent on, for example, routine legal research, was reasonable. I will therefore reduce the total hours billed in just these six entries by twenty-five percent. This results in a reduction of just 4.35 hours (17.4 hours x .25 = 4.35).

On the other hand, I agree with Plaintiff that he is entitled to a 2.2 hour increase in the total number of hours for his preparation of the reply brief on the EAJA claim. Such fees are compensable. *Commissioner, INS v. Jean*, 496 U.S. 154, 157 (1990). Additionally, I find that the appropriate rate of compensation is $206 per hour, a number not challenged by the Commissioner. Therefore, I will award a total of 30.05 hours (34.4 hours – 4.35 hours = 30.05 hours), multiplied by $206 per hour, for a total fee award of $6,190.30.

---

[6] Plaintiff's counsel provides one such example in his reply, where he states, "most of the entries which SSA attacks are ones that involved the crucial moments in this case. The first time entry from 12/17/19 for 3.1 hours which SSA attacks did involve checking the local rules and the docket entries. Those tasks took probably .2 or less. However, reviewing the analysis of the case and beginning the review of the transcript represent an absolutely decisive moment in this case. It requires painstakingly reviewing every single jot and tittle in the ALJ's decision, a careful review of the prior notes on potential appeal issues, and generally setting the strategic course for the case." ECF Doc. No. 19 at 2.

Because the Commissioner has not challenged the form of payment requested in Plaintiff's motion for EAJA fees, my order instructs that the fees be paid as requested by Plaintiff.

**BY THE COURT:**

_s/Richard A. Lloret_
**RICHARD A. LLORET**
**U.S. Magistrate Judge**